UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME JULIUS BROWN SR.,

     Plaintiff,

 v.

DEMETRICE WHITE, *et al.*,

     Defendants.

Case No. C19-1694-JCC

REPORT AND RECOMMENDATION

  Plaintiff Jerome Brown, Sr., appearing *pro se*, filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) The IFP application is deficient because it fails to describe the types of monthly expenses Plaintiff incurs, such as housing, transportation, utilities, loan payments, or other regular monthly expenses and the amount spent each month. (*Id.* at 2.) Plaintiff also indicated that he owns or has interest in real estate, stocks, bonds, notes, retirement plans, automobiles, or other valuable property, but failed to describe the property and state its approximate value. (*Id.*) The Court is also aware that although Plaintiff indicated that his only income was $500.00 from "Brennan Title Company," he stated on a different IFP application, filed two days after the instant application, that he receives income from Social Security Disability Insurance and has a car. *See Brown v. Brown, et al.*, C19-1699-RSM (Dkt. # 1). The Court is therefore unable to determine Plaintiff's financial ability to pay the requisite filing fee.

REPORT AND RECOMMENDATION - 1

In addition to the IFP application deficiencies identified above, Plaintiff's proposed complaint is largely incomprehensible and does not appear to allege a viable claim. Plaintiff's proposed complaint alleges that defendant "Parking enforcement" owes Plaintiff $20,000. (Dkt. #1-1 at 5.) To support this claim, Plaintiff alleges "Takoma Park Police Department citizen complaint form, not log#, no date received, no receiving supervisor." (*Id.*)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Even construing all allegations in the light most favorable to the Plaintiff, and giving due deference to Plaintiff's *pro se* status, his complaint fails to state a claim showing he is entitled to relief.

The Court also notes that Plaintiff appears to have a history of filing repetitive and frivolous lawsuits. Several cases filed in this Court since February 2019 have been dismissed as frivolous. *See Brown v. USPS PMG*, C19-0295-RSM (dkt. # 9); *Brown v. United States Marshal Service, et al.*, C19-1246-RAJ (dkt. # 11); *Brown v. Brennan, et al.,* C19-1331-JLR (dkt. # 10); *Brown v. Robinson, et al.,* C19-1330-JCC (dkt. # 8), *Brown v. Frosh,* C19-1503-RSM (dkt. # 6). There are pending Report and Recommendations recommending dismissal in *Brown v. Smith, et al.,* C19-1416-RSM, *Brown v. Admin. Office of the U.S. Courts*, *et al*., C19-cv-1484-JCC (dkt. # 6), *Brown v. Auerbach, et al.,* C19-1311-RSL (dkt. # 4), and *Brown v. Barr, et al.,* 19-1593-JLR (dkt. # 4). Further, at least three other district courts have limited Plaintiff's ability to file new cases. *See Brown v. Walter, et al.*, C18-0320-RMP (E.D. Wash.) (dkt. # 2) (dismissing action filed without a filing fee or IFP application in light of litigious history; citing *Brown v. Lyons Mane Partnership*, No. 10-mc-7 (D. D.C. Mar. 1, 2010) (enjoining Plaintiff from proceeding IFP), *aff'd* No. 10-7027 (D.C. Cir. June 7, 2010); *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md. Dec. 7, 2004) (deeming Plaintiff a frequent

REPORT AND RECOMMENDATION - 2

litigator and imposing pre-filing restrictions); and *In re Brown*, No. 3:10-cv-00010 (E.D. Va. July 28, 2010) (limiting Plaintiff to one lawsuit at a time pending in that district)).

Because of the deficiencies in the IFP application and proposed complaint, the Court recommends that Plaintiff's request to proceed IFP be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 7, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the day after the date objections were due.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John C. Coughenour.

Dated this 24th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3